IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TOMMY LIGHTFOOT, <br>     Plaintiff, <br><br> v. <br><br> DIRECT RECOVERY SERVICES, LLC, <br> and ELLE GUSMAN, individually, <br>     Defendants. | CASE NO.: 4:20-cv-1187 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq. by Defendants.

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendant Direct Recovery Services, LLC ("DRS") transacts business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

### PARTIES

6. Plaintiff, Tommy Lightfoot ("Plaintiff"), is an adult individual residing in Tarrant County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

1

7. DRS is a Minnesota business entity operating from Two Harbors, Minnesota.

8. DRS can be served in Texas via its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

9. DRS conducts business and markets itself on its website (www.directrecoveryservices.com) (last visited October 23, 2020), which includes the following statements among others:

    a. Now, your account is past due. It is time to find a solution.

    b. … If you do owe the bill, please make payment now. If you are unable to pay in full at this time, please let us know why and we can establish a suitable payment arrangement. Whatever the reasons are for your delinquency, to get this matter resolved you should contact our offices.

    c. Please read any notices or letters that we send to you carefully. They contain important information about your account and options to resolve it.

    d. Helping consumers like yourself solve their financial problems is our commitment. Our staff is experienced in the field and are able to assist you if you let them.

    e. If your account is in our office, it may have been already reported to the credit reporting agencies as we report all accounts to the credit reporting agencies. This usually takes place 30-60 days after the account is placed in our office.

10. The principal purpose of DRS is the collection of debts using the mails and telephone and other means.

11. DRS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money,

property or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. As will be described below, DRS attempted to collect an alleged debt from Plaintiff.

13. DRS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

14. Defendant Elle Gusman ("Gusman"), is a natural person and is the owner of DRS.

15. Gusman uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Gusman regularly collects or attempts to collect, directly and/or indirectly, debts owed or due or asserted to be owed or due another. Gusman is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16. Gusman (a) created the collection policies and procedures used by DRS and its employees and/or agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of DRS, (c) oversaw the application of the collection policies and procedures used by DRS and its employees and/or agents, (d) drafted, created, approved and ratified the tactics and scripts used by DRS and its employees and/or agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by DRS and its employees and/or agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by DRS and its employees and/or agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

17. Gusman directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this complaint.

## FACTUAL ALLEGATIONS

18. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, Plaintiff believes that the account was an account on a personal loan, the funds from which were used to pay for various personal effects, but not used for business or commercial purposes.

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

20. The Account allegedly went into default with the original creditor.

21. After the Account allegedly went into default, the Account was placed with or otherwise transferred to DRS for collection.

22. Plaintiff disputes the Account.

23. Plaintiff requests that DRS cease all further communications regarding the Account.

24. DRS collector(s) were employee(s) of DRS at all times mentioned herein.

25. DRS acted at all times mentioned herein through its employee(s).

26. On July 24, 2020, DRS left a voicemail for Plaintiff which said the following:

> This message is for Lightfoot Tommy, if you are not Lightfoot Tommy please hang up now. Hello this is Travis Boyd. Options are available on this matter. I just need [inaudible] it is important - very important – [inaudible] to resolve this matter. Today is Friday, July 24th. We'll be in the office until 7 p.m. eastern standard time. The number is 844-8[inaudible]8-6654. The options are as follows on your balance of 749.37, a fifty percent settlement of 374.69 a fifty-five percent settlement, three payments of, sixty-five percent settlement, twelve payments of 40.59. settlements must be [inaudible] the next work day. Call 844-868-6654. We wanted to work with you, however, we are obligated to report back to our client. 844-868-6654. [inaudible] go to www.directrecoveryservices.com [inaudible] your account number is 114157876.

27. In the July 24, 2020 voicemail, DRS failed to provide Plaintiff with meaningful disclosure of its identity, failed to inform Plaintiff that the call was from a debt collector and failed to inform Plaintiff that any information obtained would be used for the purpose of debt collection.

28. DRS never provided Plaintiff notice of his rights to dispute the debt or to request validation of the debt as required by 15 U.S.C. § 1692g(a).

29. DRS's purpose for calling Plaintiff was to attempt to collect the Account.

30. The telephone call described above constituted a "communication" as defined by FDCPA § 1692a(2).

31. The only reason that Defendants and/or their representative(s), employee(s) and/or agent(s) made telephone call(s) to Plaintiff was to attempt to collect the Account.

32. The only reason that Defendants and/or their representative(s), employee(s) and/or agent(s) had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

33. The statements and actions of Defendants and their representative(s), employee(s) and/or agent(s) constitute illegal communications in connection with debt collection in violation of federal and state collection laws as described more specifically below.

34. All of the conduct by Defendants and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

35. Gusman directed the company to use the language of the voicemail described above when leaving a message for plaintiff.

36. Further, Gusman directed the company to not send notices of consumers' rights to dispute the debts or request validation of the debts.

37. As a consequence of Defendants' collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

38. The representative(s) and/or collector(s) at DRS were employee(s) and/or agents of Defendants at all times mentioned herein.

39. The representative(s) and/or collector(s) at DRS were acting within the course of their employment at all times mentioned herein.

40. The representative(s) and/or collector(s) at DRS were under the direct supervision and control of Defendants at all times mentioned herein.

41. The actions of the representative(s) and/or collector(s) at DRS are imputed to their employer, DRS.

42. The employees and/or agents of DRS acted at all times as instructed by Gusman.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY DIRECT RECOVERY SERVICES, LLC

43. The previous paragraphs are incorporated into this Count as if set forth in full.

44. The act(s) and omission(s) of DRS and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(6) and § 1692e(10)&(11) and § 1692g(a).

45. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from DRS.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY DIRECT RECOVERY SERVICES, LLC

46. The previous paragraphs are incorporated into this Count as if set forth in full.

47. The act(s) and omission(s) of DRS and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304(a)(5)&(19).

48. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from DRS.

49. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against DRS enjoining it from future violations of the Texas Finance Code as described herein.

## COUNT III:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
## BY ELLE GUSMAN

50. The previous paragraphs are incorporated into this Count as if set forth in full.

51. The act(s) and omission(s) of Gusman and her representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(6) and § 1692e(10)&(11) and § 1692g(a).

52. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Gusman.

## COUNT IV:  VIOLATIONS OF THE TEXAS FINANCE CODE
## BY ELLE GUSMAN

53. The previous paragraphs are incorporated into this Count as if set forth in full.

54. The act(s) and omission(s) of Gusman and her representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304(a)(5)&(19).

55. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Gusman.

56. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Gusman enjoining it from future violations of the Texas Finance Code as described herein.

## JURY TRIAL DEMAND

57. Plaintiff is entitled to and hereby demands a trial by jury.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following:

58. Judgment in favor of Plaintiff and against Direct Recovery Services, LLC, as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Such other and further relief as the Court deems just and proper.

59. Judgment in favor of Plaintiff and against Elle Gusman, as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103 – Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff